# IN THE COURT OF APPEALS OF IOWA

No. 22-0441
Filed November 17, 2022

**SHAWN MICHAEL PLUCAR,**
       Petitioner-Appellant,

**vs.**

**TIFFANY GRAFTON,**
       Respondent-Appellee.
_____

       Appeal from the Iowa District Court for Linn County, Andrew B. Chappell,

Judge.


       Shawn Plucar appeals the district court's order denying his application for

rule to show cause requesting that Tiffany Grafton be held in contempt.

**AFFIRMED.**



       Katelyn Simon of Cordell Law, L.L.P., Des Moines, for appellant.

       Tiffany Grafton, Cedar Rapids, self-represented appellee.



       Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Shawn Plucar and Tiffany Grafton divorced. Under the dissolution decree, Grafton was awarded "sole right, title and possession of" a 2015 Chevrolet Silverado with the associated debt and was to "hold [Plucar] harmless from this debt." Plucar was to receive a cell phone and the associated debt.

Less than one month after the dissolution decree was finalized, Plucar filed an application for rule to show cause, alleging in part that Grafton "failed to transfer title of the Silverado in her name or refinance the vehicle in her own name" and "stopped making payments on the vehicle." He also alleged Grafton "failed to give [him] the cell phone that he was awarded." The district court denied the application following an evidentiary hearing. While the court found that Grafton "fail[ed] to comply with the" decree in not removing Plucar's name from title and loan documents for the Silverado, the court determined Plucar's evidence on whether the omission was willful fell "far short of the mark." The court concluded:

> [Plucar] has not proven by even a preponderance of the evidence, let alone beyond a reasonable doubt, that between the times the Decree was entered and the date of the contempt proceedings [Grafton] had the financial wherewithal to cover the amount of the loan . . . .
>
> [Plucar] provides no actual evidence to demonstrate that [Grafton] has the ability to pay the debt on the Silverado or that she had that ability sometime after the Decree was entered but failed to do so. Absent this, [Grafton's] failure to comply with the Decree cannot be found to be willful. If [Grafton] has not acted willfully, she cannot be found to be in contempt of court.

On appeal,[1] Plucar contends the district court "gross[ly] abused its discretion in finding that [Grafton's] actions were not a willful violation of the court's decree." *See In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (stating "unless this discretion is grossly abused, the [trial court's] decision must stand" (alteration in original) (citation omitted)); *see also* Iowa Code § 598.23(1) (2021) ("If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person *may* be cited and punished by the court for contempt . . . ." (emphasis added)). We disagree. The court summarized the evidence supporting Grafton's claimed inability to pay the vehicle loan, some of which was offered by Plucar. As for the cell phone, it was returned to Plucar at the time of the hearing.

We conclude the district court did not grossly abuse its discretion in declining to find Grafton in contempt, and we affirm the court's denial of the application for rule to show cause.

**AFFIRMED.**

---

[1] Plucar filed a petition for writ of certiorari. Citing *Patterson v. Keleher*, 365 N.W.2d 22, 24 (Iowa 1985), the supreme court ordered the petition treated as an appeal.